1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   GARY STEVEN BOWMAN,                    No. CIV S07-2118-FCD-CMK-P

12                    Plaintiff,

13          vs.                                        ORDER

14   SCHWARZENEGGER, et al.,

15                    Defendants.

16   _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.   Plaintiff's complaint requests injunctive relief from the imposition of the

19   residency restrictions of California Penal Code § 3003.5, also known as "Jessica's Law."[1]

20   Plaintiff indicates that he was convicted in 1987 pursuant to California Penal Code § 314.1.  His

21   sentence included a term of probation which terminated in 1989.  Then in 2003, plaintiff was

22   convicted of possession of controlled substance, in violation of California Health and Safety

23   Code § 11377(a), for which he received a two year prison term.  He was paroled from this

24   violation on March 16, 2006.  He then claims that on October 4, 2007, he was forced to sign a

25   _____

26          [1]     Plaintiff does not specify what type of injunctive relief he is requesting; a
     preliminary or a permanent injunction.

1   special condition of parole addendum stating that California Penal Code § 3003.5(b) applies to

2   him.

3            Plaintiff is currently incarcerated in state prison, and is being housed at Deuel

4   Vocational Institution in Tracy, California.  However, plaintiff does not explain why he is

5   currently incarcerated or what effect his request for injunctive relief has on his incarceration.

6   Specifically, plaintiff does not explain whether his request for injunctive relief is prospective

7   only or whether he seeks immediate or earlier release.  If the latter, his claim would sound in

8   habeas relief.  If plaintiff is currently in prison on a parole violation for his failure to register

9   pursuant to § 3003.5, then a finding that § 3003.5 registration requirements do not apply to

10  plaintiff would necessarily effect his state of confinement, and his only remedy would be a

11  petition for a writ of habeas corpus.  That is unless he is seeking prospective injunctive relief

12  only.  When a state prisoner challenges the legality of his custody and the relief he seeks is a

13  determination that he is entitled to an earlier or immediate release, such a challenge is not

14  cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ

15  of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,

16  131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.

17  1995) (per curiam).

18           If  a § 1983 complaint states claims which sound in habeas, the court should not

19  convert the complaint into a habeas petition.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir.

20  1997); Trimble, 49 F.3d at 586.  Rather, such claims must be dismissed without prejudice and the

21  complaint should proceed on any remaining cognizable § 1983 claims.  See Edwards v. Balisok,

22  520 U.S. 641, 649 (1987); Trimble, 49 F.3d at 585.  Therefore, plaintiff will be required to show

23  cause, in writing, within 30 days why his complaint under 42 U.S.C. § 1983 should not be

24  dismissed.  Plaintiff is warned that failure to comply with this order may result in dismissal of the

25  entire action.  See Local Rule 11-110.

26  / / /

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff shall show cause, in writing, within 30 days of the date of service of this order, why his complaint under 42 U.S.C. § 1983 should not be dismissed;

2.      Specifically, plaintiff shall inform the court why he is currently incarcerated with the California Department of Corrections and Rehabilitations, whether on a parole violation or a separate unrelated charge;

3.      If plaintiff is currently incarcerated on a parole violation, plaintiff shall specify for what conviction the parole relates, the term of parole he has violated, when this violation occurred, and the length of his current sentence; and

4.      Plaintiff shall explain to the court what effect a grant of his request for injunctive relief would have, if any, on his current incarceration.


DATED: March 26, 2008


_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE