IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY STEVEN BOWMAN, | No. CIV 07-2118-FCD-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SCHWARZENEGGER, et al., | |
| Defendants. | |
| _____/ | |

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1), filed on October 9, 2007.  On March 27, 2008, the court issued an order to show cause requiring additional information from plaintiff.  Plaintiff filed a response on April 4, 2008.  Therefore, the order to show cause should be discharged.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff's complaint requests injunctive relief from the imposition of the residency restrictions of California Penal Code § 3003.5, also known as the Sexual Predator Punishment and Control Act ("SPPCA") or "Jessica's Law" to his conditions of parole. Plaintiff indicates that he was convicted in 1987 pursuant to California Penal Code § 314.1, which requires him to register as a sex offender. His sentence included a term of probation which terminated in 1989. In 2003, plaintiff was convicted of possession of controlled substance, in violation of California Health and Safety Code § 11377(a), for which he received a two year prison term. He was paroled from this conviction on March 16, 2006. On March 6, 2008, while on parole from this conviction, his parole was revoked for violating of the terms of his parole (using a controlled substance).

Plaintiff claims that between the time he paroled from his Health and Safety Code conviction (in March 2006) and his parole violation (in March 2008), California passed the SPPCA, codified at California Penal Code § 3003.5. The SPPCA limits the ability of persons who are required to register as sex offenders to reside near a school or park. He claims that on October 4, 2007, he was forced to sign a special condition of parole addendum stating that the

SPPCA applies to him. He is asking this court to issue an order enjoying the state from imposing the residency restrictions of the SPPCA as a condition of his parole.

## II. DISCUSSION

"Article III of the Constitution requires that a plaintiff have standing before a case may be adjudicated." Covington v. Jefferson Co., 358 F.3d 626, 637 (9th Cir.2004). To satisfy the Constitution's standing requirements, a plaintiff must show (1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); see also Covington, 358 F.3d at 637-38.

In Doe v. Schwarzenegger, 476 F. Supp. 2d 1178, 1182 (E.D. Cal. Feb.9, 2007), Judge Karlton of this court examined the SPPCA, and determined that based on the absence of any language addressing retroactivity in the SPPCA and based on the court's view that it was not "very clear" from extrinsic sources that voters intended it to be retroactive, he concluded that it applied prospectively. Other cases have agreed with this decision, and there have been no cases which have found otherwise. See e.g. Doe v. Schwarzenegger, 2007 WL 601977 (N.D. Cal. February 22, 2007).

In this case, plaintiff states that his 1987 conviction for violation of California Penal Code § 314.1 occurred prior to the enactment of the SPPCA and therefore should not apply to him. He claims that he served his time for his 1987 conviction, and concluded his parole in that matter, prior to the enactment of the SPPCA. In addition, plaintiff claims that he is currently incarcerated on an unrelated Penal Code violation.

Plaintiff acknowledges he is currently incarcerated. He indicates that he expects to be released from prison in May 2008. He claims the defendants are attempting to apply the residency restrictions of the SPPCA to him, having made him sign a document which indicates

he agrees the SPPCA applies to him.  However, as plaintiff is currently incarcerated, what conditions will be placed on him upon obtaining parole are speculative.  Until the conditions of parole have actually been applied, there is no way for this court to know whether or not the state will actually attempt to apply the residency restrictions of the SPPCA to plaintiff.  This court has found that the statute does not apply retrospectively.  Accordingly, plaintiff would have no actual or imminent injury in fact until the statute is applied in error.

If, upon plaintiff's release from prison, the state actually attaches the residency requirements as a condition of his parole, and that is done in error, then plaintiff may have a cognizable claim.[1]  However, while plaintiff continues to be incarcerated, his claim that the defendants intend to attach such a restriction in error is speculative and plaintiff has no standing to raise his claim at this time.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1.	The order to show cause (Doc. 8) be discharged; and

2.	This action be dismissed without prejudice and the Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written

---

[1] On the limited record before the court, the court offers no opinion as to whether the attachment of the residency restrictions to plaintiff's conditions of parole would be in error. The court also does not offer an opinion as to whether plaintiff's claim, once ripe, would sound in habeas relief or in a civil rights claim under 42 U.S.C. § 1983.

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 23, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE